UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 5:07-cr-006-JMH-2 |
| v. | ) | |
| | ) | |
| TRAVIS WAYNE HALL, *pro se*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |

\*\*\*

On June 29, 2019, the Defendant, Travis Wayne Hall ("Hall"),

proceeding *pro se*, filed a Motion to Appoint Counsel. [DE 362].

While Hall does not state why he needs appointed counsel, he is

currently serving a twenty-year sentence and claims he is actually

innocent. [DE 362]. Having considered this matter fully, and being

otherwise sufficiently advised, the Court will deny Hall's Motion

to Appoint Counsel [DE 362].

The language of Joint Local Rule of Criminal Procedure 12.1(a)

provides as follows:

> Except for routine motions – such as motions
> for an extension of time – a motion must state
> with particularity the grounds for the motion,
> the relief sought, and the legal argument
> necessary to support it.

LCrR 12.1(a). Hall neither states a reason why he needs counsel

nor provides any legal argument in support of his request for the

appointment of counsel. [DE 362]. Instead, Hall asserts that he

has spoken with fellow inmates that study law who said he has some

claims that have merit. *Id.* at 1. However, the only specific claim Hall mentions is an actual innocence claim that he fails to describe further. *Id.*

While this Court acknowledges its obligation to liberally construe Hall's *pro se* motion, it has no authority to create arguments for him. *Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Hall has failed to meet the requirements of LCrR 12.1(a). Without some effort at legal argumentation, Hall has utterly failed to meet the requirements of LCrR 12.1(a).

Moreover, 18 U.S.C. § 3006A outlines certain situations where counsel shall be appointed for indigent Defendants. *See* 18 U.S.C. § 3006A. None of those defined situations are apparently present in this case. At this stage of the case, appointment of counsel would be a waste of limited resources. Since Hall provides no argument in support of his request for the appointment of counsel, the Court is unable to grant the requested relief. Accordingly,

**IT IS ORDERED** that Hall's Motion to Appoint Counsel [DE 362] is **DENIED WITHOUT PREJUDICE.**

This the 6th day of August, 2019.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge