UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 5:07-cr-006-JMH-2 |
| v. | ) | |
| | ) | |
| TRAVIS WAYNE HALL, *pro se*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |

\*\*\*

On August 20, 2019, the Defendant, Travis Wayne Hall ("Hall"), proceeding *pro se*, filed a Motion to Appoint Counsel [DE 364] stating, "I am asking the court to appoint me an attorney on the basis that I feel like I have issues in my case that can get me some time off or time served." Hall insists his lack of legal knowledge prevents him from being able "to argue [motions] in front of or against a knowledgeable Judge." *Id.* First, the Court respectfully advises Hall that in submitting a motion to the Court, he is not arguing against the judge, in this case, the undersigned. Instead, a motion is a request for relief from the Court, and the Court must decide whether the motion should be granted or denied. While the United States is represented by counsel and generally given the opportunity to oppose any motion filed by Hall, the mere fact that he is neither an attorney nor familiar with law and

1

procedure does not alone warrant appointing him counsel. If that were the case, there would be few, if any, *pro se* parties.

The language of Joint Local Rule of Criminal Procedure 12.1(a) provides as follows:

> Except for routine motions – such as motions for an extension of time – a motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.

LCrR 12.1(a).

Here, aside from Hall's lack of legal knowledge, he neither specifically states why he needs appointed counsel nor provides any legal argument in support of his request for the appointment of counsel. [DE 364]. Instead, Hall lists the following issues he has with his case:

> 1) Actual Innocence of 924(J) [sic] aiding and abetting. How can I aid and abet someone that I do not know, never met, or seen in the act of trying to kill me.
>
> 2) I have a 924(c) and 924(J) [sic] which are connected to the same offense but are run consecutive of one another. To my limited knowledge, this is not supposed to be done in this matter.

*Id.*

While this Court acknowledges its obligation to liberally construe Hall's *pro se* Motion [DE 364], it has no authority to create arguments for him. *Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

Hall has failed to meet the requirements of LCrR 12.1(a). Without some effort at legal argumentation, Hall has failed to meet the requirements of LCrR 12.1(a), and the Court is unable to grant the requested relief.

Moreover, 18 U.S.C. § 3006A outlines certain situations where counsel shall be appointed for indigent defendants. *See* 18 U.S.C. § 3006A. None of those defined situations are apparently present in this case. To the extent Hall is attempting to file a Motion to Vacate pursuant to 28 U.S.C. § 2255, the Court has the discretion to appoint counsel for any petitioner seeking habeas relief when the petitioner is proceeding as a pauper and the interests of justice so require. *See* 28 U.S.C. § 2255(g); *see also* 18 U.S.C. § 3006A(a)(2)(B). However, a petitioner does not have a constitutional right to habeas counsel. *Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005). In exercising its discretion, the Court should consider the legal and factual complexity of the case, petitioner's ability to investigate and present his claims, and any other factors relevant to the given case. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Also, pursuant to 18 U.S.C. § 3006A(a)(2)(B), "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." "The interests of justice require the court to appoint

3

counsel when the district court conducts an evidentiary hearing on the petition." *Hoggard*, 29 F.3d at 471 (citing *Abdullah v. Norris,* 18 F.3d 571, 573 (8th Cir. 1994)); *see also* Rule 8(c) of the Rules Governing Section § 2255 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Before the Court can consider whether appointment of counsel is required due to the need for an evidentiary hearing or the interests of justice, Hall must first file a timely 28 U.S.C. § 2255 motion within the one-year statute of limitations, pursuant to 28 U.S.C. § 2255(f). *See* 18 U.S.C. § 3006A(a)(2)(B). Hall's Motion to Appoint Counsel [DE 364] is premature because "[t]he Court cannot appoint counsel at government expense to provide legal advice and represent [Hall] prior to the filing of a § 2255 motion." *U.S. v. Wooden,* No. 1:03-cr-66, 2008 WL 5110790, at *2 (E.D. Tenn. Nov. 26, 2008) (denying Defendant's motion to appoint counsel where Defendant had yet to file a motion to vacate pursuant to 28 U.S.C. § 2255). Hall has not filed a § 2255 motion. Since Hall has not filed a motion under 28 U.S.C. § 2255, he cannot be appointed counsel. *See Wooden,* 2008 WL 5110790, at *2. Accordingly, the Court, having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** that Hall's Motion to Appoint Counsel [DE 364] is **DENIED WITHOUT PREJUDICE.**

This the 28th day of August, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge