UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXNGTON

CRIMINAL ACTION NO. 07-CR-0006-JMH-2

UNITED STATES OF AMERICA                                                                          PLAINTIFF

V.        UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

TRAVIS WAYNE HALL                                                                                 DEFENDANT

\* \* \* \* \*

The United States submits the following response to Defendant Travis Hall's motion for immediate release from custody for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A). In support of his motion, Hall cites the generalized threat posed by the COVID-19 pandemic, speculation as to how his case would be prosecuted were he to be indicted today, a district court case from another circuit, the disparity between his sentence and that of a co-defendant, and his rehabilitation and low risk of recidivism. [DE 367: Motion for Compassionate Release.] The Court should deny Hall's motion. Hall has not exhausted his administrative remedies, but even if he had, his arguments do not describe extraordinary and compelling reasons as required under the law.

## PROCEDURAL BACKGROUND

Hall was charged in a multi-defendant superseding indictment with: conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count 6); conspiracy to use and carry a loaded pistol during commission of the drug

trafficking crime charged in Count 6, in violation of 18 U.S.C. §924(o) (Count 7); using, carrying, and brandishing a loaded pistol, aided and abetted by his co-defendants and while aiding and abetting them, during the commission of the drug trafficking crime charged in Count 6, in violation of 18 U.S.C. §§924(c)(1) and (2) (Count 8); attempted robbery during the course of committing the crime charged in count 8 resulting in death and constituting a first-degree murder, in violation of 18 U.S.C §§924(j) and (2) (Count 9), and; knowingly possessing a handgun while a felon, in violation of 18 U.S.C. §924(g) (Count 10).  Counts 11 and 12 consisted of forfeiture counts. [DE 89: Superseding Indictment.]  Hall entered a guilty plea to Counts 6, 8, and 9. [DE 156: Minute Entry for Rearraignment; DE 160: Plea Agreement.]  Hall was sentenced by this Court on August 30, 2007, to 240 months of incarceration and 4 years of supervised release.  [DE 242: Judgment].

Hall is currently housed at FCI Manchester.  [DE 40: Motion.]  According to inmate documents provided by BOP regional counsel, his projected release date is December 4, 2024.[1]  [Exhibit 1: Hall's inmate data.]  Hall now seeks relief from this Court for release under 18 U.S.C. § 3582(c)(1)(A), claiming that his circumstances are extraordinary and compelling.

## ARGUMENT

### I.     Hall Has Failed to Exhaust His Administrative Remedies.

As Hall correctly notes in his motion, 18 U.S.C. §3582(c)(1)(A) requires that an

---

[1] Records received from BOP include inmate data, medical records, and administrative request records and are submitted under seal.

2

inmate exhaust all administrative remedies through the Bureau of Prisons (or for 30 days to lapse since the receipt of such a request by the warden) before he is entitled to relief from this Court. While Hall claims that he has filed a request for compassionate release with the warden, he does not provide a date when he allegedly filed such a request and does not include a copy of that request as an exhibit to his motion. FCI Manchester has no record of Hall ever submitting such a request to the warden. The administrative request history for Hall shows only one administrative request on record which was submitted in April 2016 regarding the prison's food service. [Exhibit 2: Hall Administrative Request History]. Hall has failed to prove that he has exhausted his administrative remedies and therefore his motion should be denied. Although this failure means his motion must be denied as a threshold matter, the United States will also address the merits of Hall's various claims in compliance with the Court's order. [DE 368.]

    **II.**      **Hall Fails to State Any Compelling Health Reasons for Compassionate Release Besides the General Existence of COVID-19.**

The first reason Hall seeks compassionate release is because he contends that his health conditions put him at a high risk for severe complications if he were to be infected with COVID-19 and that incarcerated individuals have a greater likelihood of COVID exposure. Because Hall has not set forth any medical information to support his release for medical reasons, his circumstances do not warrant the requested relief.

3

Hall, rather than the Director of the Bureau of Prisons (BOP), has filed this Compassionate Release motion pursuant to 18 U.S.C. § 3582(c)(1)(A).[2] An inmate may seek a reduction in a sentence of imprisonment based on "extraordinary and compelling circumstances" (often colloquially referred to as "compassionate release"). 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The compassionate release statute, as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment. —The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

---

[2] The First Step Act of 2018 (Act) amended 18 U.S.C. § 3582(c)(1)(A) so that an inmate may now file a motion with the court for a reduction in sentence for "extraordinary and compelling" reasons. This type of motion is commonly referred to as a "Compassionate Release." Before the Act, only the Director of the Bureau of Prisons (BOP) could file such a motion.

18 U.S.C. § 3582(c)(1)(A). Further, 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." However, recent court rulings have held that courts are not bound to follow the Commission's applicable policy statements when the motion is filed by a defendant. *See United States v. Jones,* 980 F.3d 1098, 1107-08 (6th Cir. 2020).

Hall has filed his motion based on "extraordinary and compelling reason[s]" and not age and service of sentence. [DE 66.] Even though *Jones, supra*, broadens the criteria and expands the court's authority to consider "extraordinary and compelling reasons," the Sentencing Commission Guidelines Manual § 1B1.13 ("U.S.S.G.") policy statement is instructive. In application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons. —Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> > (A) Medical Condition of the Defendant. —
> >
> > > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

5

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recovered.

U.S.S.G. § 1B1.13 cmt. n.1.

Although Hall claims that his health conditions make him more vulnerable to COVID-19, he does not allege he suffers from any specific conditions or provide any evidence to the Court that his health cannot be sufficiently maintained in his current facility. *United States v. Abney*, 2020 WL 7497380, at 2 (E.D. Ky. Dec. 21, 2020). He cites a string of cases in which inmates were granted compassionate releases based on their documented medical conditions and age. However, not only does Hall not cite any medical conditions, but Hall's own medical records do not reveal any health conditions that would make him unusually susceptible to COVID-19. [Exhibits 3 and 4: Hall Medical Records]. The medical records do however reveal that Hall contracted COVID-19 in January 2021, from which he recovered without incident, and that he subsequently refused a COVID-19 vaccine in February 2021. [Exhibit 3.]

The mere potential exposure to COVID-19, one faced by all inmates and all people, is insufficient to qualify as an extraordinary and compelling reason. *United*

6

*States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.") Absent a showing that he is suffering from some actual health crisis, is not receiving proper treatment by BOP or is unable to provide self-care, Hall cannot establish an extraordinary and compelling reason because of his health. *United States v. Lynn*, 2019 WL 3082202 (S.D. Ala. July 15, 2019), *appeal dismissed,* 2019 WL 6273393 (11th Cir. Oct. 8, 2019) (compassionate release, sought on the basis of a variety of health ailments, is denied, as none affect the inmate's ability to function in a correctional environment). Thus, the Court "cannot assume that the Bureau of Prisons will be unable to manage [any] outbreak or adequately treat [defendant] should it emerge at his correctional facility while he is still incarcerated." *United States v. Gileno*, 448 F. Supp. 3d 183 (D. Conn. 2020) (denying compassionate release motion in COVID-19 related case involving a defendant who raised specific health concern). In fact, Hall has already been infected with COVID-19 once and FCI Manchester was able to provide proper care to him such that he made a full recovery. Additionally, the fact that a COVID-19 vaccine was made available to him, although he refused it, is evidence that he is receiving adequate treatment at his current facility. *See United States v. Johnson*, No. 3:02-cr-00068-TBR, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021). Although Hall also mentions his age as a factor for the court to consider, at age 42, he is well short of the 65-year-old minimum age requirement under

U.S. Sentencing Guideline §1B1.13.  Hall's age and health do not amount to an extraordinary and compelling circumstance and his motion should be denied.

### III. Hall's Remaining Arguments Are Not Extraordinary and Compelling Reasons.

Hall makes four additional arguments for his compassionate release: (1) that the enhancement he received under 21 U.S.C. §851 would likely not be applied were he prosecuted today; (2) a district court case from the Western District of Virginia that he asks the court to "assess"; (3) a disparity between his sentence and that of a co-defendants that he argues is unwarranted, and; (4) that he has been rehabilitated while in prison and is a low risk of recidivism.  All arguments are not relevant to the Court's consideration under 18 U.S.C. §3582(c)(1)(A) and do not constant extraordinary and compelling reasons.

#### a. Hall's speculation on how 21 U.S.C. §851 would be applied to him today is not relevant.

Hall first cites the First Step Act and its impact on 21 U.S.C. §851 enhancements going forward as reason for relief.  He asserts that, were to be sentenced after the passage of the First Step Act, prosecutors would not seek an enhanced sentence under §851 based on his prior conviction.  This speculation is not only unsupported by any evidence, but even if it were true, it would still fail to be relevant to his motion as a matter of law.  Hall was sentenced many years before the First Step Act became law and the Act did not make any changes to §851 retroactive.  *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("the First Step Act is largely forward-looking and not retroactive, applying only where a sentence for the offense has not been imposed as of [the date of enactment"

8

(internal quotations omitted)). As the Sixth Circuit made clear, unless the First Step Act explicitly made a sentencing change retroactive, courts should refuse to use "[18 U.S.C.] §3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021).

      **b. The Western District of Virginia case Hall cites for the Court's attention is not relevant.**

Hall next directs the Court's attention to an out-of-circuit case, *United States v. Stanback*, 377 F. Supp. 3d 618 (W.D. Va. 2019). However, Hall does not make clear how *Stanback* applies to his case or what holding he wishes the Court to make based upon it. In *Stanback*, the defendant had been convicted in 2003 of crack cocaine distribution. *Id*. He filed a compassionate release motion arguing that because the First Step Act applied the changes to the crack cocaine penalties from the Fair Sentencing Act retroactively, he was entitled to a sentencing reduction based on the weight of drugs he was convicted of distributing. *Id*. Ultimately, the Stanback court agreed with his reasoning and rejected an argument by the United States that his sentence should remain unchanged because the weight of drugs reported in the pre-sentence report instead of the conviction. *Id*. Unlike *Stanback*, Hall's conviction involved marijuana, a controlled substance that was not addressed in retroactive changes through the First Step Act. Also unlike *Stanback*, Hall's case does not involve a disparity between the amount of marijuana listed in his conviction and the amount listed in his pre-sentence report. *Stanback* does not provide any justification for this Court to provide relief under 3582(c)(1)(A).

      **c. The sentencing disparity between Hall and a co-defendant is not a permissible reason for compassionate release.**

9

Hall next argues that because his sentence of 240 months was twice that of his co-defendant, Richard Spencer, for the same charges, he is entitled to a sentence reduction. However, "the exception in § 3582(c)(1)(A)(i) is not an open-ended invitation to simply relitigate and reweigh the § 3553(a) factors based on facts that existed at sentencing." *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021). Instead, "a court must first find that the facts of the *defendant's* personal circumstances changed after sentencing in a way that is 'extraordinary and compelling,' before a court is permitted to weigh (or revisit) the § 3553(a) factors." *Id.*

While there is undoubtedly a sentencing disparity between Hall and Spencer, it was not an unwarranted disparity and not one the court should reconsider having already weighed the relatively culpability of both defendants at sentencing. At the time of Hall's sentencing, the facts showed that Spencer played a less significant role in the crimes charged than Hall. Hall and another co-defendant came up with the idea to commit the armed robbery without Spencer's involvement. [DE 249: Hall Pre-sentence Report ¶¶ 25-28]. It was only on the night of the robbery that Spencer agreed to be involved. *Id.* Furthermore, it was Hall, not Spencer, who provided the murder weapon to their co-defendant, and it was Hall, not Spencer, who brought an additional gun with him as they approached the victim's home where the murder occurred. *Id.* This difference in criminal liability between Spencer and Hall was known the defendant and the Court at the time of sentencing, not only through the facts of the case and the presentence reports, but also through their plea agreements. Unlike Hall, the United States agreed in Spencer's

plea that Spencer appeared to qualify for a 2-level downward adjustment based on his mitigating role as a minor participant in the crime. [*Compare* DE 180: Spencer Plea Agreement ¶9 *with* DE 160: Hall Plea Agreement ¶8.] Spencer also had a lower criminal history category than Hall and was not subject to an enhancement under §851. [DE 272: Spencer Pre-sentence Report.]

Therefore, the justified sentencing disparity between Hall and Spencer, which was based on facts known at the time of Hall's sentencing, cannot give rise to an extraordinary and compelling reason. Even if Hall were to argue that he is entitled to relief because Spencer ended up being sentenced after him such that Spencer's sentence could not have been a known fact at the time of Hall's sentencing, "subsequent leniency in another defendant's case says nothing about how [a defendant's] personal circumstances have changed since he was sentenced" and are not grounds to reduce a sentence under §3582(c)(1)(A). *Hunter*, 12 F.4th at 571–72.

### d. Hall's rehabilitation and low risk of recidivism are not extraordinary and compelling reasons to modify his sentence.

Hall argues that, because he is now older than he was at the time of his sentencing, he is a lower risk of recidivism, and that he has been rehabilitated during the portion of his sentence that he has served. However, both considerations are not permissible reasons for the court to grant relief.

First, Congress has made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. §994(t), *cited in Hunter*, 12 F.4th at 572. Second, Hall's argument that his recidivism risk is lower based

11

on his increased age since he was originally sentenced cannot constitute an extraordinary and compelling reason. Unfortunately, the ravages of time and the changes that come with them are universal human afflictions and are far from extraordinary. There is nothing unique about Hall's personal circumstances as compared to any other inmate and the mere fact that he has aged and served out more of his sentence does not meet the high burden required to justify compassionate release.

## IV. The 3553(A) Factors Weigh Against Hall's Release.

Even if any of Hall's arguments were successful under § 3582(c) (and they are not), the Court must still consider the § 3553(a) factors, as "applicable," as part of its analysis. *See* § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). The § 3553(a) factors strongly disfavor Hall's release.

Judges that impose a defendant's original sentence and subsequently consider the defendant's compassionate release motion are uniquely positioned to assess the § 3553(a) factors. *Jones,* 980 F.3d at 1115-1126. This Court imposed Hall's sentence of 240 months and addressed the pertinent § 3553(a) factors which the Court determined to be sufficient but not greater than necessary.

The factors set forth in 18 U.S.C. § 3553(a), include but are not limited to, the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to avoid unwarranted disparities in sentences. This Court addressed those factors and

originally imposed a 240-month term of imprisonment. The defendant bears a higher burden of proof to establish that the § 3553(a) factors require a sentence modification.

Hall's criminal history weighs against him. He has a history that includes previous convictions for cocaine trafficking, assault, two convictions for wanton endangerment, escape, and driving under the influence, all of which resulted in a criminal history category of V. [DE 249: Hall Pre-sentence Report ¶¶ 57- 66]. Both wanton endangerment convictions involved Hall pointing a gun at another person's head. *Id.* at ¶¶ 58, 60]. Hall also violated the conditions of his parole by using cocaine, possessing ammunition, and failing to complete substance abuse treatment, and had his parole revoked by the Commonwealth of Kentucky as a result. *Id.* at ¶ 62.

The circumstances and seriousness of the offense weigh heavily against him. Hall was convicted of a felony murder in which he conspired to rob the victim beforehand in a drug-related crime and then provided the murder weapon that killed the victim. *Id.* at ¶¶ 15, 27-28. This is in addition to his convictions for conspiracy to traffic drugs and his use of a firearm in drug trafficking, as well as his sentence enhancement for his prior drug-related conviction.

The factors relating to the need to protect the public and specific and general deterrence also do not support compassionate release. Hall's prior history of violent crime warrants continued protection for the public and requires that he complete the imposed sentence that this Court saw fit to impose upon him when previously analyzing his case under §3553(a).

13

## CONCLUSION

For the reasons set forth above, Hall's motion should be denied.

>Respectfully Submitted,
>
>CARLTON S. SHIER, IV
>UNITED STATES ATTORNEY

By:   /s/ Zachary D. Dembo
Zach Dembo
Assistant United States Attorney
260 West Vine Street
Lexington, KY  40507
(859) 233-2661
Zachary.dembo@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System. In case the *pro se* Defendant does not have access to this system, my office will also mail a paper copy of the response to:

Travis Wayne Hall
Reg. #11612-032
PO Box 4000
FCI Manchester
Manchester, KY  40962

>/s/ Zachary D. Dembo
>Assistant United States Attorney